**UNITED STATES COURT OF APPEALS**

Filed 10/9/96

**TENTH CIRCUIT**

---

HARLEY R. MACKLIN,

       Plaintiff-Appellant,

v.

RETIREMENT PLAN FOR
EMPLOYEES OF KANSAS GAS &
ELECTRIC COMPANY; INVESTMENT
AND BENEFITS COMMITTEE FOR
THE RETIREMENT PLAN FOR
EMPLOYEES OF KANSAS GAS &
ELECTRIC COMPANY, as
Administrator and named Fiduciary of the
Retirement Plan FOR Employees of
Kansas Gas & Electric Company;
KANSAS GAS & ELECTRIC
COMPANY, as Administrator and
Fiduciary of the Retirement Plan FOR
Employees of Kansas Gas & Electric
Company; BOATMEN'S TRUST
COMPANY, as Trustee and Fiduciary of
the Retirement Plan FOR Employees of
Kansas Gas & Electric Company; IRA W.
MCKEE, JR., STEVEN L. KITCHEN,
FREDERICK M. BRYAN, WILLIAM B.
MOORE, JOHN K. ROSENBERG,
Members of the Investment and Benefits
Committee FOR the Retirement Plan FOR
Employees of Kansas Gas & Electric
Company as Administrator and named
Fiduciary of the Retirement Plan FOR
Employees of Kansas Gas & Electric
Company,

       Defendants-Appellees.

No. 95-3406
(D.C. No. 94-CV-2402)
(District of Kansas)

**ORDER AND JUDGMENT**[1]

Before **PORFILIO**, **TACHA**, and **BRORBY**, Circuit Judges.

Plaintiff Harley Macklin appeals the district court's award of summary judgment for defendant, Retirement Plan for Employees of Kansas Gas and Electric Company (the Company Plan), on his three ERISA claims: arbitrary and capricious interpretation of employee benefit plan terms, violation of ERISA disclosure requirements, and breach of fiduciary duties. We affirm the district court's award of summary judgment on the first two claims but reverse its ruling on the third. We remand Mr. Macklin's request for attorney's fees to be resolved with his third claim.

Mr. Macklin is a former employee of Kansas Gas and Electric Company (the Company). When he stopped working for the Company in 1985, Mr. Macklin was 46 years old and not yet entitled to receive the benefits he had vested under the Company's pension benefit plan. Under Schedule A of the plan in effect when Mr. Macklin's

---

[1] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

employment ended in 1985, he could begin to receive pension benefits as early as age 55, though his benefit amount would be only 49% of the retirement-at-age-65 benefit amount. When Mr. Macklin turned 55 in 1993, becoming eligible to receive early retirement benefits, the early retirement reduction factor listed in Schedule A had risen to 69%. Interpreting § 8 of the 1985 plan, the Company Plan determined that Mr. Macklin's benefits should be calculated using the 49% early retirement reduction factor in effect when he left the Company in 1985, rather than the 69% early retirement reduction factor in effect when he turned 55 in 1993.

Mr. Macklin's first claim on appeal is that the Company Plan's decision to apply the 49% early retirement reduction factor to calculate his benefits is arbitrary and capricious, and therefore should not have been upheld by the district court. Mr. Macklin contends that summary judgment on his first claim is inappropriate because the Company Plan unreasonably interpreted the 1985 plan's terms, treated similarly situated individuals differently, and failed to make its determination in accordance with certain procedural requirements.

In his dispute with the Company Plan over the proper interpretation of the 1985 plan's terms, Mr. Macklin argues that § 5, rather than § 8, should determine the early retirement reduction factor to be used in calculating his benefits. Under Mr. Macklin's interpretation of § 5, the proper early retirement reduction factor is that which is currently listed in Schedule A, 69%. Under the Company Plan's interpretation of § 8, by contrast,

the proper early retirement reduction factor is that which was listed in Schedule A when Mr. Macklin stopped working for the Company, 49%. Mr. Macklin offers a number of textual arguments to support his contention that § 5 should determine his early retirement reduction factor, though only one warrants discussion here. In that argument, Mr. Macklin contends that the Company Plan was unreasonable in interpreting the term "member" under § 5 to include only current employees because he is considered a member under other plan provisions. Thus, Mr. Macklin argues that the Company Plan acted in an arbitrary and capricious manner by interpreting one term to have two different meanings.

In his next attack on the Company Plan's decision, Mr. Macklin argues that other, similarly situated individuals have been treated differently under the plan. He identifies 2 of 15 other employees who left the Company before reaching early retirement age and have received benefits calculated using the 69% early retirement reduction factor in effect when they turned 55, rather than the percentage in effect when their employment ended. Mr. Macklin also notes that employees who leave the Company to work for Wolf Creek, which is 47% Company-owned, are entitled to benefits under a specific provision of § 5. Finally, Mr. Macklin compares his status to that of retirees, who are sometimes given the benefit of plan amendments enacted after their retirement began. Referring to these individuals, Mr. Macklin argues that the Company Plan's refusal to treat him like other terminated employees renders its determination of his claim arbitrary and capricious.

In his last argument, Mr. Macklin contends that the Company Plan's determination is arbitrary and capricious because the Supervisor of Retirement Plans failed to comply with ERISA procedures when processing his claim. Mr. Macklin argues that the Company Plan failed to inform him of the textual basis for its interpretation of the 1985 plan and failed to tell him how to appeal its initial decision, as required by DOL Regulation § 2560.503-1(f). Mr. Macklin also argues that the Company Plan failed to provide him with a full and fair review of his claim as required by ERISA § 503 because, among other reasons, the Company Plan committee lacked a quorum when it considered his appeal.

The district court considering Mr. Macklin's three arguments found that an ambiguity existed in the 1985 plan's terms over which plan provision determined the early retirement reduction factor for terminated, vested employees not yet eligible to retire. The court also found that the Company Plan had discretion to resolve this ambiguity, triggering the "arbitrary and capricious" standard of review. Applying this standard, the court held that the Company Plan's interpretation of the 1985 plan was reasonable, despite the competing reasonable construction offered by Mr. Macklin, the Company Plan's inconsistent treatment of other individuals, and procedural deficiencies in the claims process. We do the same here.

We review a grant of summary judgment de novo, applying the same legal standard used by the district court. *Committee for the First Amendment v. Campbell*,

962 F.2d 1517, 1521 (10th Cir. 1992).  Under de novo review, we must affirm the district court's award of summary judgment if we find that, considering the evidence in the light most favorable to the non-moving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  ***Eaton v. Jarvis Prods. Corp***., 965 F.2d 922, 925 (10th Cir. 1992); ***Russillo v. Scarborough***, 935 F.2d 1167, 1170 (10th Cir. 1991).  Because Mr. Macklin does not contest the district court's use of the "arbitrary and capricious" standard of review, we apply this standard as well and will uphold the Company Plan's determination unless it lacks substantial evidence, relies on a mistake of law, or was made in bad faith.  ***Sandoval v. Aetna Life & Cas. Ins. Co***., 967 F.2d 377, 380 n.4 (10th Cir. 1992).  Only information known by the Company Plan at the time of its decision will be considered.[2]  ***Id.*** at 381; ***Woolsey v. Marion Labs, Inc***., 934 F.2d 1452, 1460 (10th Cir. 1991).

Applying the "arbitrary and capricious" standard of review, we affirm the district court's award of summary judgment on Mr. Macklin's first claim.  While Mr. Macklin

---

[2]Mr. Macklin argues against established Tenth Circuit precedent that this Court should consider information not known by the Company Plan at the time of its decision. The argument is without merit and confuses the appropriate inquiry under an "arbitrary and capricious" standard of review.  When applying this extremely deferential standard, we ask not whether a plan's decision is wrong, but rather, whether it is arbitrary and capricious.  ***See Sandoval***, 967 F.2d at 381 ("The district court's responsibility lay in determining whether the administrator's actions were arbitrary or capricious, not in determining whether [the claimant] was, in the district court's view, entitled to disability benefits.").  Thus, later developed information proving a plan's determination to be wrong on the merits is irrelevant.

correctly identifies other provisions of the 1985 plan that treat him as a member, we cannot agree that this inconsistency is substantial enough to render the Company Plan's determination of his claim arbitrary and capricious. Section 5 specifically provides that "[A]ny member may retire," while § 8 begins with the phrase, "Should a member terminate his employment." Given the context of these two provisions, the Company Plan had ample textual basis for its decision to apply the 49% early retirement reduction factor prescribed under § 8 to calculate Mr. Macklin's pension benefits. Moreover, the Company Plan's decision to deny Mr. Macklin the benefit of post-termination changes in the plan is fully consistent with modern pension principles, under which the plan forms a unilateral contract whose terms are frozen once the period of employment ends. ***See Pratt v. Petroleum Prod. Mgmt., Inc. Employee Sav. Plan & Trust***, 920 F.2d 651, 661 (10th Cir. 1992). Finally, we note that the Company Plan articulated a number of factors influencing its decision, including the advice of counsel, its general familiarity with the 1985 plan, and its knowledge of previous applications of the same provision. Taken as a whole, we find the Company Plan's determination of Mr. Macklin's claim to be reasonable and based on substantial evidence, such that "a reasonable mind might accept [the rationale] as adequate to support the conclusion reached." ***Sandoval***, 967 F.2d at 382.

Mr. Macklin's second argument is similarly without merit. Neither Wolf Creek employees, who bargained for special treatment under § 5, nor Company retirees, who at

times benefit from post-retirement plan amendments, are similarly situated to Mr. Macklin. Mr. Macklin is not specifically mentioned in § 5 and has not been gratuitously conferred the benefit of a post-retirement plan amendment. Thus, Mr. Macklin's allegation of inconsistent treatment turns on the fact that 2 of 15 other terminated employees received benefits calculated under § 5, rather than § 8. We do not consider these employees in determining whether the Company Plan's decision was arbitrary and capricious because they were unknown to the Company Plan when it decided Mr. Macklin's claim. *See Sandoval*, 967 F.2d at 381; *Woolsey*, 934 F.2d at 1460. We believe, however, that considering these employees would not change the outcome of our analysis. None of the inconsistencies cited by Mr. Macklin convince us that the Company Plan's determination of his claim was unreasonable or lacked a substantial basis.

Mr. Macklin's final argument is likewise without merit. Under § 10 of the 1985 plan, a quorum of the Company Plan's committee was unnecessary to consider Mr. Macklin's appeal because a majority of its members ultimately concurred in the decision rendered. Moreover, under *Sage v. Automation, Inc. Pension Plan & Trust*, 845 F.2d 885 (10th Cir. 1988), procedural defects in the claims process do not necessarily require that a plan's determination be overturned. So long as the claimant has an opportunity to be heard, a plan determination that is not otherwise arbitrary and capricious will be upheld despite procedural irregularities. *Id.* at 895. As a result, Mr. Macklin is unpersuasive in arguing that the Company Plan's noncompliance with DOL Regulation

§ 2560.503-1(f) renders its determination of his claim arbitrary and capricious. The Company Plan considered Mr. Macklin's interpretation of the 1985 plan and, as already discussed, reasonably chose an interpretation to the contrary.

In his second claim on appeal, Mr. Macklin disputes the district court's factual finding that the Company Plan substantially complied with the disclosure requirements of ERISA § 104(b)(4). Mr. Macklin contends that under this Section, he was entitled to a copy of the plan description preceding the 1985 plan in effect when he left the Company, along with all amendments to the plan since the date he was hired, upon request. Mr. Macklin requested these documents, among others, on December 16, 1993. He did not receive the pre-1985 plan description until March 1994 and did not receive the requested amendments until June 1995, though the Company Plan summarized the amendments in its March 1994 correspondence. Because he received these documents more than 30 days after he requested them, Mr. Macklin also argues that the district court should have awarded him statutory penalties under ERISA § 502(C)(1). That section provides that a plan has 30 days to comply with the disclosure requirements of § 104, after which time a court may award statutory penalties of $100 per day for every day the plan fails to provide the requested information.

The district court considering Mr. Macklin's second claim found that the Company Plan substantially complied with ERISA § 104(b)(4) and that the imposition of statutory penalties was therefore inappropriate. Though the Company Plan did not immediately

provide Mr. Macklin with the pre-1985 plan description and amendments he requested, the court noted that it did provide him with the latest summary plan description, annual report, plan document, and trust agreement within 30 days of request.

We consider the district court's factual determination of substantial compliance with ERISA § 104 under the "clearly erroneous" standard of review. We review the district court's refusal to award discretionary penalties under ERISA § 502 for abuse of discretion. Under both standards of review, we will reverse the district court's ruling only if we have a "definite and firm conviction" that a mistake has been made. *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994). Given the district court's factual and discretionary rulings, we review its award of summary judgment on this claim de novo.

Looking at the text of ERISA § 104, we cannot agree with Mr. Macklin that the district court was clearly erroneous or abused its discretion in ruling on his second claim. ERISA § 104(b)(4) requires a plan to provide a copy of "the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated" upon request. 29 U.S.C. § 1024(b)(4). Mr. Macklin does not deny that he was sent a copy of the latest plan description in a timely manner. Instead, he argues that the Company Plan was obligated to send other plan descriptions and amendments to the plan as well. Assuming, without deciding, that Mr. Macklin's

interpretation of ERISA § 104 is correct, the Company Plan still supplied all but two of the documents he requested within 30 days. Thus, the district court was accurate in characterizing the Company Plan's compliance with ERISA § 104 as "substantial," and was well within its discretion in denying Mr. Macklin's claim for statutory penalties. Its award of summary judgment on Mr. Macklin's second claim was therefore appropriate.

In his third ground of appeal, Mr. Macklin argues that the district court erroneously dismissed his breach of fiduciary duties claim. Because we have already held several of Mr. Macklin's arguments supporting this claim to be without merit, we now consider only the Company Plan's failure to provide him certain documents without request. Mr. Macklin asserts that for a period of eight years, the Company Plan failed to provide him with periodic summary plan descriptions and annual summary reports as required by ERISA §§ 102(d) and 104(b), respectively. Mr. Macklin also contends that the Company Plan failed to provide him with a deferred benefits statement when he left the Company's employment in 1985, as required by ERISA § 105(c). Mr. Macklin concedes that he finally received these documents in December 1993 after requesting them in writing, though he argues that the Company Plan now owes him a copy of the 1994 summary annual report. To remedy this deficiency, Mr. Macklin asked the district court to order compliance with ERISA's disclosure requirements and remove the Company Plan's fiduciaries.

The district court considering Mr. Macklin's third claim assumed that the Company Plan's compliance with ERISA's disclosure requirements was deficient but found that it nevertheless processed Mr. Macklin's claim in good faith. The court also found that Mr. Macklin was not prejudiced by the Company Plan's failure to comply with ERISA's disclosure requirements, rendering his request for equitable relief unwarranted. We review the district court's award of summary judgment de novo and its denial of equitable relief for abuse of discretion. *Wolf v. Prudential Ins. Co.*, 50 F.3d 793, 796 (10th Cir. 1995); *McKinney v. Gannett Co., Inc.*, 817 F.2d 659, 670 (10th Cir. 1987).

Based on Mr. Macklin's version of the facts, we find that a factual question exists over whether the Company Plan breached its fiduciary duty. ERISA § 404(a)(1)(B) requires plan administrators to manage an ERISA benefits plan with the care, skill, prudence and diligence of a reasonably prudent person. Because the Company Plan does not deny that it has at times failed to comply with ERISA's disclosure requirements, the only question is whether this failure constitutes a breach of the reasonably prudent person standard. On that issue, the Company Plan's good faith in processing Mr. Macklin's claim is irrelevant. Though bad faith would undoubtedly constitute a breach of fiduciary duties, good faith alone cannot compensate for the care, skill, prudence and diligence of a reasonably prudent person. *Hoye v. Meek*, 795 F.2d 893, 896 (10th Cir. 1986). Thus, the

- 12 -

district court's reliance on good faith in awarding summary judgment on Mr. Macklin's third claim was misplaced.[3]

The Company Plan argues that despite its failure to comply with ERISA's disclosure requirements, Mr. Macklin cannot recover on his breach of fiduciary duties claim because under *Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134 (1985), he is not entitled to substantive remedies. This argument is unpersuasive. While true that Mr. Macklin cannot receive damages for the Company Plan's failure to comply with ERISA's disclosure requirements, he is not foreclosed from seeking various forms of equitable relief under ERISA § 409, including the removal of fiduciaries. Although the district court may ultimately find this relief inappropriate, a material dispute exists on this claim that must be determined by the trier of fact. Thus, we reverse the district court's award of summary judgment on Mr. Macklin's breach of fiduciary duties claim.

In sum, we **AFFIRM** the district court's award of summary judgment in favor of the Company Plan on Mr. Macklin's first two claims, alleging arbitrary and capricious interpretation of employee benefit plan terms and violation of ERISA disclosure

---

[3]The district court's reliance on *Sage v. Automation, Inc. Pension Plan and Trust*, 845 F.2d 885 (10th Cir. 1988), to support its award of summary judgment is similarly misplaced. In *Sage*, the court considered the plan's good faith because the plaintiff in that case alleged that the plan had breached its duty of loyalty. *See id.* at 894. Here, by contrast, Mr. Macklin claims that the Company Plan breached its duty of care, an allegation irrelevant to the issue of good faith.

requirements.  However, we **REVERSE** the district court's award of summary judgment on Mr. Macklin's breach of fiduciary duties claim and **REMAND** the case for further proceedings.  We also **REMAND** Mr. Macklin's request for attorney's fees to be resolved with his third claim.

ENTERED FOR THE COURT


John C. Porfilio
Circuit Judge